## No. 13,478.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF
DOUGLAS *v.* TOWN OF CASTLE ROCK.

(46 P. [2d] 747)

Decided June 10, 1935.

Mr. FRED S. CALDWELL, Mr. J. M. TAYLOR, for plaintiff
in error.

Mr. WILLIAM DILLON, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the
court.

THE town of Castle Rock, the county seat of Douglas
county, Colorado, brought this action against the defend-
ant board of county commissioners of Douglas county,
to recover the amount of a special assessment sewer tax
which the town had levied upon property of the county
upon which the county court house is situate. The com-
plaint alleges that defendant Douglas county is the owner

of block 18 in the town of Castle Rock, upon which the court house stands, and that this block, except that part occupied by the court house, is used as a public park. The town enacted an ordinance creating an improvement district therein to be known as the Castle Rock Sanitary Sewer District No. One, and ordered the construction therein of a sanitary sewer system, in which the town was included, and provided for the issuance of bonds of the district for the guaranty of the payment thereof by the town. To the complaint charging in substance the foregoing, the county, by its attorney, filed a demurrer upon several grounds, one of which is that the complaint does not state facts sufficient to constitute a cause of action, or sufficient facts to entitle the town to the relief prayed for. There are various other grounds upon which the county depended for a dismissal of the action, but in the view which we take of the controversy it is not necessary further to state such objections urged to the complaint.

Counsel for the county commissioners say that chapter 180 of the Colorado Session Laws of 1923 was not intended to subject county property, used for governmental purposes of maintaining a court house thereon, to the payment of special improvement taxes authorized by the act. That may or may not be true, but the record does not disclose that the town relies upon that chapter. The county board also says, and rightly so, that at the trial below counsel for the plaintiff town relied solely upon the case of *County Commissioners of El Paso County v. Colorado Springs,* 66 Colo. 111, 180 Pac. 301, and that the trial judge in the pending case was of the opinion that such decision required him to overrule the general demurrer filed by the board of county commissioners to the complaint.

In the view we take of the case it is not necessary further to state the contentions of the respective parties because we are satisfied, as was the trial judge, that the decision of this court in the Colorado Springs case, here-

inabove referred to, justifies the action of the Douglas county district court in overruling, in the case now before us, the general demurrer of the county commissioners to the complaint of the town of Castle Rock. Apparently counsel for plaintiff in error realize that if the decision in the Colorado Springs case is applicable to the facts of this record, the judgment now under review must be sustained. We are of the opinion that the trial court in this case was right in its holding that the opinion of Mr. Justice Denison in the Colorado Springs case, supra, is equally applicable to the facts of the instant case. Counsel for defendant Douglas county, however, say that although the Colorado Springs case may have been rightly decided, its holding is not applicable to the facts of the case now before us.

To this contention we say that the City of Colorado Springs was originally incorporated under the general legislative act and later it was incorporated under article XX of the Colorado Constitution. The author of the opinion in the Colorado Springs case, in speaking of the question before the court, said that it was whether the city has power to levy special improvement taxes on county property, with which it claims to be invested both by the general law and by its charter under article XX of the Constitution. The opinion then proceeds, first, to discuss the proposition as to whether the special improvement taxes in that case which had been levied by the city upon county property was valid and the conclusion was that it was so subject. The opinion further states that the county should in fairness pay the assessment because if it is just to assess owners of private property it is just to assess property of the county. The court further said that one theory upon which public property is exempted from general taxation is that it is idle for the public to tax itself for the purpose of paying money to itself, but the trial judge said this argument does not apply to special assessments for segregated improvement districts, still less to the case of county property in a

small improvement district. It thus appears that the question for decision in the case before us is exactly the same legal question that was decided by this court in the Colorado Springs case, supra. There, Judge Denison said: "The arguments against the liability of the county to assessments, however forcible and logical, are all technical and, in the last analysis, based on the theory that the county is a part of the sovereignty. The opposing arguments, we think, have right and justice to support them." The opinion further said that the second ground urged by the city also was right, which ground was the authority conferred by the Twentieth Amendment to the Colorado Constitution. We are not called upon to express any opinion thereon because the other ground hereinabove referred to sufficiently establishes the contention of the town of Castle Rock in the present case. In short, the decision in the Colorado Springs case, supra, was that the municipality has power to levy special improvement taxes on county property both by the general law and by its charter under article XX of the Colorado Constitution. We base our decision upon the proposition that the town of Castle Rock, by the general law of the land, has the right to levy the special improvement tax on county property. The judgment of the district court therefore should be, and it is, affirmed.

MR. JUSTICE BOUCK and MR. JUSTICE YOUNG not participating.