No. 20,406.

Leon Rogoff *v.* Jack Charash, et al.

(391 P. [2d] 680)

Decided April 27, 1964.

Messrs. Barry and Boyle, for plaintiff in error.

Messrs. Creamer and Creamer, for defendants in error.

*In Department.*

Opinion by Mr. Justice Moore.

We will refer to the parties by name. The action is here on writ of error to review a summary judgment by which the trial court dismissed a counterclaim filed by Rogoff and entered a judgment in favor of Jack and Diana Charash against him on said counterclaim. The

case involves former litigation between the parties and we accordingly will set forth at some length the full story as follows:

In November 1948, Jack Charash, one of the defendants in error, commenced an action against Leon Rogoff the plaintiff in error, and one Ida Wimmer, by a complaint docketed as No. A-61654 in the Denver district court. In essence, that complaint alleged that the plaintiff and defendant were brothers-in-law; that a relation of extreme trust and confidence existed between them, and that the plaintiff Charash was advised that there was for sale a piece of property commonly known as 2643-61 Welton street. Charash wished to purchase property but being inexperienced in such matters. mentioned to Rogoff its existence as a desirable investment, and stated that he would give him the information upon condition of a promise that if the property was purchased, it would be purchased by those parties as equal co-partners. Rogoff gave his promise, was given the information concerning the property, and conducted negotiations for purchase. Rogoff repeatedly stated that the transaction was in the process of negotiation, and that the property would be taken in the names of both the parties. In actuality, Rogoff proceeded to obtain title in the names of himself and one Ida Wimmer, who knew of all of the transactions involved and who furnished none of the consideration. Immediately after the purchase of the property was ascertained by Charash, he offered to pay one-half of the purchase price to Rogoff and demanded conveyance of an undivided one-half interest. Rogoff refused that demand but did not deny the understanding of the parties and offered to convey an undivided one-third interest in the property, which Charash refused to accept.

In his complaint Charash specifically offered to pay one-half the purchase price, and demanded conveyance of an undivided one-half interest in the property. He alleged losses on rentals of the property, and also that

the defendants held the property as to one-half thereof in trust for him, and prayed judgment declaring a trust and requiring conveyance of an undivided one-half interest in the property. The prayer of the complaint specifically contained the following language:

"3. That if the conveyance of said real property be awarded to the plaintiff, he be directed to pay into the registry of the Court for the use and benefit of the defendants, and in payment of said conveyance, such sum as the Court may find from the evidence and testimony is legally proper in order to pay for an undivided one-half interest in the said property based upon the purchase price and agreement of the parties."

Damages also were sought.

An answer was filed to the complaint in No. A-61654. That answer admitted that the parties Charash and Rogoff were brothers-in-law; admitted the taking of the title to the property in the names of Rogoff and Wimmer; and generally denied the remaining allegations of the complaint. The defenses of the statute of frauds were raised in a second and third defense, it being alleged that the agreements involved were not in writing. No question of any kind was raised in the answer as to the bona fides of the tender by Charash of one-half the purchase price, and indeed the prayer of the complaint of Charash was conditioned upon his being required to pay into the registry of the court the necessary sum in the event of adjudication of his right to the property interest demanded. Rogoff was represented by competent counsel.

The action came on for trial in the Denver district court. During the period of the trial, and on September 23, 1953, there was negotiated between the parties Charash and Rogoff and their several counsel, and committed to writing, an Agreement of Settlement. That agreement specifically recited that "the issues in the said action have been and are now in process of contest between the parties" and that "the parties are particu-

larly desirous of terminating and settling the litigation between them in the said action embodied." It was then specifically agreed that:

"Leon Rogoff, hereby covenants and agrees to pay to Diana Charash, sometimes also known as Dina Charash, presently of 1623 42nd Avenue, San Francisco, California, who is the sister of the said Leon Rogoff and the wife of the said Jack Charash, the sum of One Hundred Twenty-Five Dollars ($125.00) per month, on or before the first day of each calendar month, commencing October 1, 1953, and thereafter monthly for as long as she, the said Diana Charash, shall live. Said payment shall be made to the said Diana Charash by mailing the same by United States Mail, postage prepaid, to the said Diana Charash at her residence, provided that the said Diana Charash shall, in the event of change of residence notify the said Leon Rogoff, or other person who may become responsible for payment hereunder, of her change of address by regular United States Mail, postage prepaid."

The agreement was to continue in full force during the life of Diana Charash, and to be binding upon Rogoff, his heirs, representatives, and assigns. Moreover, it specifically recites that "THE SAID DIANA CHARASH SHALL BE SPECIFICALLY CONSIDERED AN INTENDED BENEFICIARY UNDER THE TERMS OF THIS AGREEMENT."

It was provided that Jack Charash in consideration of the agreement should immediately on execution of it by proper stipulation and agreement and order cause the pending action to be dismissed with prejudice, each party to pay his own costs. Moreover, Jack Charash specifically released all of his claim in and to the subject property. The agreement finally provided for attorneys' fees in the event of the necessity for action to collect any payment due under the terms thereof. The agreement was signed by Charash and by Rogoff, and duly notarized. The very same day, returning from recess of

court granted to allow the negotiation of the agreement mentioned, there was presented to the court a written stipulation signed by the attorneys for the parties. That stipulation recited that the plainiff Charash and defendant Rogoff had entered into a settlement agreement and that the action might be dismissed with prejudice, each party to pay his own costs. The court then entered an appropriate order of dismissal based upon the settlement arrived at.

Rogoff made the payments required from September 1953 to August 1960 but failed to make the payment for August 1960 and thereafter. Accordingly Jack Charash and Diana Charash instituted the present proceedings as No. B-44046 in the Denver district court by a complaint alleging and setting forth in full as an exhibit the Agreement of Settlement above referred to; alleged that there was required to be paid under the agreement the sum of $125.00 monthly; that the defendant Rogoff made the payments to August 1960, but failed thereafter; that he is accordingly indebted to the plaintiffs in the amount of $750.00 and $250.00 as reasonable attorneys' fees, and prayed judgment.

There were filed by the defendant certain written interrogatories, in essence attempting to relitigate the matters involved in the Action A-61654, filed in 1948 and finally disposed of in 1953. Objections were filed to those interrogatories and the objections were sustained in their entirety by Honorable Neil Horan. No question is raised by the plaintiff in error as to the correctness of Judge Horan's rulings in that regard. Defendant was ordered to answer within 20 days of April 10, 1961. On April 26, 1961, defendant submitted further written interrogatories and also filed an answer.

In the answer defendant Rogoff admitted that on September 23, 1953, he signed the Agreement of Settlement referred to, and that Action No. A-61654 was dismissed with prejudice. He denied the validity of the Agreement of Settlement. He admitted that he had

made payments to his sister from 1953 to 1960, "but states that such payments were fraudulently obtained under the instrument entitled Agreement of Settlement attached to plainiff's Complaint." He generally denied the remaining allegations of the complaint. As a second defense he alleged that there was not adequate consideration for the Agreement of Settlement.

Defendant Rogoff further alleged fraud, in that he did not believe that the former plaintiff Jack Charash had enough money to pay into the court the cash as tendered in the former complaint. He counterclaimed for the sums previously paid under the agreement, alleging that he had only discovered in 1960 that Charash had not sufficient funds in 1953 to pay for a half interest in the property, and therefore should not have entered into the Agreement of Settlement.

Motions to the counterclaim were filed, including a Motion to Dismiss, Motion to Strike, and Motion for Summary Judgment. The Motion for Summary. Judgment recited institution of Action No. A-61654; that during the five year pendency of that action discovery was possible and within the capacity of the defendant Leon Rogoff; that the action came on to be tried in September, 1953; that in the midst of the trial Rogoff indicated a desire to settle the matter and there was entered into an Agreement of Settlement; that in any event the matters of the counterclaim would be barred by the applicable statutes of limitations, C.R.S. '53, 87-1-9 and C.R.S. '53, 87-1-10. It was pointed out that each of the matters alleged as fraud was discoverable by Rogoff at any time from 1948 to 1953, and by exercise of due diligence should have been discovered; and that in any event the said matters should have been by exercise of any diligence discovered prior to 1961 if the facts he alleges had existed.

It was further pointed out that the matters involved have been in litigation for thirteen years and that the defendant Rogoff neither defensively nor otherwise ever

claimed fraud though having full opportunity to claim it; that if relying upon discovery he must plead and prove discovery and the impediment to prior discovery; and that the counterclaim is without merit, and is an endeavor to reinstitute the Action No. A-61654 previously disposed of by the court by settlement agreed to by Rogoff. On similar ground objections were made to the interrogatories.

On May 8, 1962, the court, Judge Pinchick presiding, granted the objections to the second set of interrogatories and granted the written Motion for Summary Judgment with relation to the counterclaim, ordering that judgment enter in favor of plaintiffs and against the defendant Rogoff for dismissal of the counterclaim. Judgment for dismissal of the counterclaim was entered and the third defense was stricken.

On July 26, 1962, the court entered a written judgment nunc pro tunc as of June 1, 1962, finding specifically that there are no questions of fact to be determined in the defendant's counterclaim, which should be dismissed.

The Summary of Argument in the brief of counsel for Jack and Diana Charash contains the following pertinent points:

"1. Each and every matter sought to be presented by the dismissed counterclaim herein was litigable between the parties in No. A-61654, and of the essence of that action. That action was pending before the Court for 5 years, from 1948 to 1953, before trial in 1953. Every fact alleged to constitute fraud was discoverable in that action, and pleadable therein. No such discovery was attempted; no such pleading was made; no such contention was made; and the action was settled by written agreement of which Mrs. Charash was the specific intended beneficiary, consideration being the dismissal of the action with prejudice, and disclaimer by her husband of any interest in the property the subject matter thereof. Since each matter sought to be litigated in the

counterclaim was litigable in No. A-61654, the full file of which was before Judge Pinchick when he made his Rulings (F.120), disposition of that case disposed of the contentions here.

"2. It is a basic principle of law that a judgment is res judicata as to every question actually presented and decided, as well as to every question which was within the issues and could have been presented and determined. Each of the issues here involved was specifically involved, or would have been pleadable as a defense, in the action long since determined, and is no longer available."

▪ As applied to the facts in this case the above quoted language is correct and has ample support in the decisions of this court. We need do no more than direct attention to the opinion of this court in *Newby v. Bock*, 120 Colo. 454, 210 P. (2d) 985, in which it was said that where essential identities are present, " * * * a prior judgment is conclusive not only as to every question actually presented and decided, but also as to every question within the issues which might have been presented and determined."

Numerous cases are cited and no good purpose would be served by repeating them here.

In the old litigation between the parties Charash alleged that "at all times from the inception of the agreement and understanding between the plaintiff and the defendant Rogoff concerning the purchase of the aforementioned real estate, and to this date the plaintiff has been ready, willing and able to pay his share of the purchase price of said real property, * * * ." This allegation was denied by defendant Rogoff. The issue was made. The judgment entered pursuant to the stipulation of the parties resolved that issue with the same finality as would have attached had the trial continued to conclusion for determination by the court.

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.