## No. 21705.

JAMES B. FLADUNG, INDIVIDUALLY AND AS REPRESENTATIVE OF A CLASS SIMILARLY SITUATED *v.* CITY OF BOULDER, COLORADO, A MUNICIPAL CORPORATION.

(417 P.2d 787)

Decided July 18, 1966.     Rehearing denied September 19, 1966.

James H. Snyder, for plaintiff in error.

Peter C. Dietze, City Attorney, Boulder, Colorado, Hollenbeck, Dolan and King, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

We refer to plaintiff in error as plaintiff and to defendant in error as defendant.

The plaintiff, by his complaint, challenged the validity of Ordinance No. 2880 adopted by the city council of Boulder, Colorado, on December 15, 1964, creating Local Improvement District No. 7A. The purpose for which the district was created was that of constructing certain

street and storm sewer improvements in the area included therein. It was alleged in the complaint that:

"Said ordinance was not published in final form in a daily newspaper of the City of Boulder, Colorado at least ten days, or at any other time, before its final passage, in violation of Section 18 of the Charter of the City of Boulder," which provides:

"Every proposed ordinance shall be published once in full with all amendments in final form in a daily newspaper of the City, at least ten days before its final passage. Within five days after such final passage, it shall be again published once in a daily newspaper, and shall not take effect until thirty days after final passage, except that an emergency ordinance shall take effect upon passage, and be so published on the following day; * * *"

It was also alleged in the complaint that:

"Said ordinance, although not an emergency measure within the contemplation of Section 17 of the Charter of the City of Boulder, was passed by the city council on the day it was introduced, in violation of Section 17 of the said Charter," which provides:

"EMERGENCY MEASURES: No ordinance shall be passed finally on the date it is introduced, except in cases of emergency, for the preservation of the public peace, health, or property, and then only by a two-thirds vote of the Councilmen present. The facts showing such urgency and need shall be specifically stated in the measure itself. * * *"

The plaintiff also alleged that the ordinance was invalid on two additional grounds, to-wit:

(1) That "Said ordinance is not confined to one subject as required by Section 16 of the Charter of the City of Boulder, but contains and encompasses several subjects; all in violation of said Section 16 of said Charter;" and

(2) "That the assessments made under said Ordinance No. 2880 against plaintiffs will be for more than their

said lands are benefited, and therefore levies under said ordinance constitute a taking of their lands without due process of law; all in violation of their rights under Article II, Section 25, of the Colorado Constitution, and Article 14, Section 1, of the United States Constitution."

On January 28, 1965, defendant filed a Motion for Summary Judgment submitting in detail all the steps taken in the passage of this ordinance, together with minutes of the city council and affidavits of notice and publications. That motion was heard on February 8, 1965, and was sustained by the trial court. Judgment entered dismissing the action and plaintiff is here on writ of error seeking reversal of the judgment.

Upon the showing made before the trial court it appears without dispute that the ordinance in question was passed pursuant to the provisions of Section 17 of the Charter, relating to the adoption of emergency measures, and that no attempt was made to comply with Section 18 of the Charter.

■ Plaintiff contends that the complaint presents genuine issues as to material facts determinable only upon a hearing on the merits. We have carefully examined the complaint, the Motion for Summary Judgment, and the exhibits filed therewith, and find that this contention is without merit. There is no genuine issue of material fact to be determined. It is argued by plaintiff that the ordinance was not an emergency ordinance within the purview of Section 17 of the Boulder charter.

The ordinance under attack expressly declares:

"Section 14. By reason of the fact that the City of Boulder is not properly or adequately supplied with local street improvements, it is hereby declared that in the opinion of the City Council an emergency exists; that this ordinance is necessary for the immediate preservation of the public peace, health, property, and safety, and therefore, it shall take effect immediately upon its introduction and passage and shall be published on the

day following its passage in accordance with the Charter of the City of Boulder."

■■ This court has repeatedly held that a legislative body may prevent a referendum to the people by declaring that the act in dispute is "necessary for the immediate preservation of the public peace, health and safety." *In Re Senate Resolution No. 4,* 54 Colo. 262, 130 Pac. 333; *Van Kleeck v. Ramer,* 62 Colo. 4, 156 Pac. 1108. This court has also held that, whether the recital in a municipal ordinance that it is "necessary for the immediate preservation of the public peace, health or safety is true or not, is a legislative, and not a judicial question." *Shields, et al. v. City of Loveland, et al.,* 74 Colo. 27, 218 Pac. 913.

In *Van Kleeck v. Ramer, supra,* the court directed attention to the constitutional provision concerning separation of powers of government, and stated:

"During the process of the enactment of a law the legislature is required to pass upon all questions of necessity and expediency connected therewith. The existence of such necessity is a question of fact, which the general assembly in the exercise of its legislative functions must determine; and under the constitutional provision, above quoted, that fact cannot be reviewed, called in question, nor be determined by the courts. It is a question of which the legislature alone is the judge, and when it determines the fact to exist, its action is final. The courts cannot be advised what facts the general assembly acted upon when it determined that a statute was necessary for the purposes specified, and to undertake to review its action upon a question of fact, would be a collateral attack upon its judgment. The general assembly has full power to pass laws for the purposes with respect to which the referendum cannot be ordered, and when it decides by declaring in the body of an act that it is necessary for the immediate preservation of the public peace, health or safety, it exercises a constitutional power exclusively vested in it,

and hence, such declaration is conclusive upon the courts in so far as it abridges the right to invoke the referendum. * * *"

In the instant action the city council declared that the city of Boulder was not properly or adequately supplied with local street improvements. The degree of the inadequacy of existing street improvements, and the potential for danger to the public interest which might arise therefrom, are matters for the exclusive consideration of the legislative body. The conclusion of the city council as stated in the ordinance was that the creation of the district was necessary for the immediate preservation of the public peace, health, property and safety. By that finding the requirements of Section 17 of the charter were met — but barely. Better practice would dictate a more detailed statement concerning the specifics of the claimed urgency and thereby the problems complained of would be avoided.

The next contention of the plaintiff is that the ordinance is void because it embraces two or more subjects, contrary to the city charter. We find no merit to this contention. The ordinance was for the establishment of a street improvement district. The matters of sidewalks, curbs, gutters, storm sewers, etc., are all germane and very much integrated parts of such a project. In this connection we hold that the ordinance is not void for plurality of subjects. See *Tanner v. City of Boulder*, 158 Colo. 173, 405 P.2d 939.

There is no merit in the contention of plaintiffs that, by reason of the ordinance, assessments in excess of the benefits derived from the project will be made in the future against the property of plaintiffs. No assessment ordinance has as yet been passed, and no assessments have as yet been made. The challenge made by plaintiffs of the proposed levy in the future was premature; the trial court was correct in so holding.

We hold that the granting of defendant's Motion for

Summary Judgment was proper, and the judgment is affirmed.

Mr. Justice Schauer dissents.

Mr. Chief Justice Sutton not participating.