No. 22997.

James B. Fladung, Individually and as representative of a class similiarly situated *v.* City of Boulder, Colorado, a municipal corporation.

(438 P.2d 688)

Decided March 18, 1968. Rehearing denied April 8, 1968.

James H. Snyder, for plaintiff in error.

Peter C. Deitze, G. Bryan Morgan, for defendant in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

Do all of the taxpaying electors of the City of Boulder have the right to vote on a bond issue to fund the improvements in a special improvement district, when the

repayment thereof is by assessment levied only on the properties benefited in the district?

This is the principal question raised by Fladung on behalf of himself and taxpayers similarly affected in a class action challenging a Boulder city ordinance authorizing such bonds. The ordinance is sought to be declared void for other reasons which also will be discussed. We affirm the judgment of the Boulder district court which by summary judgment dismissed the complaint of plaintiff in error Fladung. He will hereinafter be referred to as plaintiff, and the city of Boulder as the city.

Before addressing ourselves to the main questions directed to the validity of the ordinance, we briefly dispose of two assignments of error dealing with procedural matters in the trial court.

 Plaintiff initially argues that the trial court erred in entering summary judgment dismissing his complaint because as a matter of right he was entitled to file an amended complaint under R.C.P. Colo. 15 (a). Plaintiff's argument is without merit. The city filed its answer and motion for summary judgment on the same day that plaintiff filed his complaint. Rule 15 (a), on which plaintiff relies, provides that the party as a matter of right can amend his pleadings *before a responsive pleading* is filed or within twenty days if there is no responsive pleading. Otherwise amendments may be made only by leave of court or with the consent of the adverse party. *Board of County Commissioners v. Bullock*, 122 Colo. 218, 220 P.2d 877. Had the city merely filed a motion to dismiss for failure to state a claim, we agree that plaintiff then would be entitled to amend his complaint as a matter of right. *Renner v. Chilton*, 142 Colo. 454, 351 P.2d 277.

██ Furthermore, no oral or written motion requesting amendment of the written complaint was made by plaintiff. The matter of the amendment was not raised in plaintiff's motion for new trial. Plaintiff is therefore

precluded from raising this question here for the first time.

It is next contended that the court erred in granting summary judgment — it was in fact judgment on the pleadings — with only the complaint, the city's answer and motion before the court at the time of the argument and entry thereof. Plaintiff avers that there was a genuine issue of fact to be tried by the court in relation to his allegation of irregularity in the cost estimates of the improvement project.

The bond ordinance involved herein has no relation to the cost estimates for the district. A prior ordinance which was enacted to create the local improvement district had as a provision thereof the cost estimates of the project. The validity of that ordinance was upheld by this court in *Fladung v. Boulder,* 160 Colo. 271, 417 P.2d 787, wherein we affirmed a judgment of the trial court. Judgment therein was not only res judicata concerning every question actually litigated and decided, but also as to every question which might have been presented and determined. *Rogoff v. Charash,* 154 Colo. 503, 391 P.2d 680. The parties being the same and the project estimates being a necessary part of the initial ordinance establishing the district, this issue, assuming that it has any merit, could have been and should have been raised in the prior litigation.

Turning now to the matter of voter participation in the bond issue, plaintiff's argument is predicated upon the premise that the ordinance creates a "debt" of the city and therefore the questions of incurring the debt as well as the term and rate of the interest on the bonds must be submitted to the qualified taxpaying electors because of provisions in Article XI, section 8, of the Colorado constitution, as well as by section 98 of the Boulder city charter. All of the contentions of plaintiff have been answered by this court in *Montgomery v. Denver,* 102 Colo. 427, 80 P.2d 434. In that case we were confronted with an almost identical ordi-

nance providing for the issuance of bonds to fund a special improvement district. In the ordinance under consideration in *Montgomery*, there was, as is the instant case with reference to the ordinance now under consideration, a proviso that when four-fifths of the outstanding bonds have been paid and concelled, if the remaining assessments are delinquent in payment and there is no paid-in surplus, the city shall then pay the interest and principal on the remaining bonds outstanding. Plaintiff argues that as a result general tax moneys may be involved in accounts pledged to the redemption of the bonds issued. We held in *Montgomery* that the ordinance providing for the city to take over the payment by advancing the funds therefor if four-fifths of the outstanding bonds have been paid and cancelled arises only on a contingency and is not an obligation as such, because the contingency may never arise. We pointed out in *Montgomery* that the city is thereafter entitled to reimburse itself from the properties involved for the unpaid assessments, and we further held that such an advancement of general funds does not create a debt within the meaning of the Denver city charter. Article XI, section 8, of the Colorado constitution does not apply to home rule cities. *Berman v. Denver*, 156 Colo. 538, 400 P.2d 434. We likewise held in *Montgomery* that a special improvement district does not create a debt for the city and that it is only when there is such a debt sought to be created that voter approval is necessary. Boulder's charter providing for an election by the qualified taxpaying electors also is limited to bonds creating a *debt* of the city of Boulder. We reaffirm our holding in *Sanborn v. Boulder*, 74 Colo. 358, 221 P. 1077, which also answers this contention of plaintiff.

Another constitutional question is raised in relation to section 6 of the ordinance which provides that all bonds are subject to redemption at the option of the city on any interest payment date prior to maturity; and that the city treasurer can call bonds for

payment where a credit exists in the district exceeding six months interest. It is argued that this provision violates Article XI, section 8, of the Colorado constitution in permitting the bonds to mature in less than ten years. In *Berman* we therein declared that the limitation of powers of cities and towns to borrow money as set forth in Article XI, section 8, is not binding on home rule cities. The city is a home rule city, operating under charter authorized by Article XX of the Colorado constitution and therefore under the authority of the *Berman* case the Boulder city charter and not Article XI controls.

Other challenges to specific sections of the ordinance are advanced by plaintiff as follows:

1. Section 17 is alleged to be void because it provides that in the event of a default in payment to the bondholders a receiver may be appointed to collect the assessments levied against the properties in the district and make payments to the bondholders. This, it is argued, is an illegal delegation of power to a nongovernmental entity and is an unconstitutional interference with the governmental functions of the city. We find no merit in this argument. A receiver appointed in the eventuality anticipated in the ordinance would not be dealing with public moneys as that term is normally construed. Likewise the receiver would not be vested with power to levy taxes or otherwise interfere with the governmental functions of the city officials but would be limited to the function of collecting, receiving and applying the assessments levied by law. These ministerial functions are therefore strictly limited. Plaintiff states that this court's decision in *Pueblo v. Grand Carniolian,* 145 Colo. 6, 358 P.2d 13, supports his position in this case. Whatever may be said to be the holding in the *Carniolian* case, with two of the concurring justices writing special opinions, nevertheless we point out that even the dissenting opinion — three justices joining therein — was on the ground that the judiciary did not

have jurisdiction to appoint a receiver to marshall and distribute special improvement tax funds to bondholders *in the absence of a statute or a provision in the bonds so providing.* The question then in the *Carniolian* case was addressed to the general equitable powers and jurisdiction of the judiciary to appoint a receiver to protect the bondholders. In the case at bar the bonding ordinance clearly grants such power to the judiciary to appoint a receiver upon default. It is neither an illegal delegation of power nor interference with governmental functions. It is merely a means of dealing with the mechanics of marshalling the improvement assessments should a financial crisis arise.

2. Section 4 is said to render the ordinance void. It pertains to the duties and responsibilities of the city treasurer. Under the section the treasurer is required to receive and collect the assessments levied pursuant to the ordinance and place the funds into special bond accounts for the district and out of such funds to pay on the district's behalf interest and principal on the bonds. Section 4 then concludes with the following paragraph:

"The moneys in each of said funds * * * shall each constitute a trust fund and shall be deposited in a bank qualified to accept trust fund under the laws governing the acceptance of trust funds. The fees, if any, of the trustee shall be paid from moneys in the respective funds."

It is plaintiff's argument that section 4 violates sections 68 and 69 of the Boulder charter in that it contemplates the appointment of a private trustee, to be paid trustee fees for performing a function which the city treasurer should do, and for which he would not be entitled to a fee. We do not read into this challenged section any provision for the appointment of a private trustee. What is contemplated by section 4 is the deposit of the funds in a qualified bank in a special trust account. Such bank charges, if any, be they designated as trustee fees, are made for the administrative handling

of such trust funds and are to be paid out of the funds deposited as in any other similar deposit. We find nothing objectionable to such provision.

3. Lastly, plaintiff contends the ordinance void because of section 14 which provides, *inter alia:*

"All assessments shall be a lien in the several amounts assessed against each tract or parcel of land assessed from the date of the publication of the assessing ordinance; provided, however, a lien shall not attach to any tract or parcel of land so assessed which is owned by the State of Colorado, or any agency, institution, or corporation thereof, or any county, municipality, school district, special or quasi-municipal district, or other political subdivision, or private corporation operating a public utility, except a street or railway company. * * *"

This section of the ordinance, it is argued, denies equal protection of the law and amounts to unequal taxation by exempting property of public utilities from liens for assessments. We also reject this argument. Excluding the lands owned by public utilities from the encumbrances of liens for the payment of assessments merely reflects the general law that a lien ordinarily does not attach to such properties nor can the property be sold on foreclosure. See *Board of County Comm'rs v. Town of Castle Rock*, 97 Colo. 33, 46 P.2d 747; *County Comm'rs v. City of Colorado Springs*, 66 Colo. 111, 180 P. 301; E. McQuillin, Municipal Corporations, § 38.163 (3d ed.); 53 C.J.S. *Liens* § 7 (a).

The public utilities properties are not exempt from assessments, but only from the levying of a lien to secure payment of such assessments. The utilities are assessed in the very same manner and on an equal basis as all other properties benefited, and each must pay a proportionate share of the costs on a basis of the tract or parcel of land involved.

The judgment is affirmed.

MR. JUSTICE McWILLIAMS not participating.