579 P.2d 642 (1977)
Mark L. LEVINE a/k/a Mark Lee Levine, and Ellen S. Levine, formerly known as Ellen Sachter, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,
v.
EMPIRE SAVINGS AND LOAN ASSOCIATION, James B. Nutter & Company, Midland Federal Savings and Loan Association, Mile High Savings and Loan Association, and Western Federal Savings and Loan Association, corporations, Defendants-Appellees.
Ellen S. LEVINE a/k/a Ellen H. Levine a/k/a Ellen Levine formerly known as Ellen Sachter, Mark L. Levine a/k/a Mark Lee Levine a/k/a Mark Levine, Roger Michels, Allan P. Ansel, Patty J. Ansel, James T. Ayers, Mary K. Ayers, Medill McCormick Barnes, Getty Lee Chaikin, Dee Ann Clark a/k/a Dee Ann Rogers Clark, John F. Cook, Anne E. Cook, George P. Harris, Pearl K. Harris, George A. Hinshaw, Alberta M. Hinshaw, Kathlyn J. Hinshaw, Douglas C. Hunt, Violet M. Hunt, Harold G. Kallas, Tetta Kallas, Martin Kamine, Mildred E. Kamine, Max W. Lawler, Deborah K. Lawler, Andy Leon, Ramond P. Mecherle, Ann S. Mecherle, Peter C. Meer, Sheila H. Meer, Johnnie R. Smoker, Maryln E. Smoker, Robert M. Vockrodt, Jesse H. Wine and Elma M. Wine on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,
v.
CENTRAL MORTGAGE & INVESTMENT COMPANY, Colorado State Bank, Empire Savings and Loan Association, Kassler & Co., Midland Federal Savings and Loan Association, Midland Mortgage Co., Mile High Savings and Loan Association, James B. Nutter & Company, Western Federal Savings and Loan Association, Weyerhaeuser Mortgage Company, D. C. Burns Realty, Capitol Federal Savings & Loan Association, the Central Bank & Trust Company, Colorado National Bank, Colorado National Mortgage Company, Columbia Savings & Loan Association, First American Mortgage, First Federal Savings & Loan Assn. of Denver, First National Bank of Denver, First of Denver Mortgage Company, Garrett-Bromfield, Moore Mortgage Co., Mortgage Institute Co., Mountain States Financial Corp., Silver State Savings & Loan Assn., and Van Schaack & Co., Defendants-Appellees.
Nos. 74-012, 75-029.
Colorado Court of Appeals, Division I.
December 29, 1977.
Rehearing Denied January 26, 1978.
Certiorari Granted May 15, 1978.
*643 *644 Hellerstein & Levine, Harry L. Hellerstein, Aurora, Criswell & Patterson, John A. Criswell, Englewood, for plaintiffs-appellants in No. 74-012.
Criswell, Patterson & Ballantine, John A. Criswell, John N. McNamara, Jr., Englewood, Lawrence A. Wright, Jr., Kiowa, for plaintiffs-appellants in No. 75-029.
Kenneth T. Sullivan, Denver, for defendant-appellee Empire Sav. and Loan Ass'n in No. 75-029.
Calkins, Kramer, Grimshaw & Harring Richard L. Harring, Denver, for defendant-appellee Empire Sav. and Loan Ass'n in Nos. 74-012 and 75-029.
Gorsuch, Kirgis, Campbell, Walker & Grover Robert E. Warren, Jr., Denver, for defendant-appellee, Moore Mortgage Co. in No. 75-029.
Charles J. Hafertepen, Denver, for defendant-appellee Columbia Sav. and Loan Ass'n in No. 75-029.
Fairfield & Woods, Charlton H. Carpenter, Denver, for defendant-appellee Midland Federal Sav. and Loan Ass'n in No. 74-012 and No. 75-029.
Balaban & Lutz, Harlan G. Balaban, Denver, for defendant-appellee Mile High Sav. and Loan Ass'n in No. 74-012 and No. 75-029.
Mosley, Wells & Spence, James H. Mosley, Denver, for defendant-appellee Western Federal Sav. and Loan Ass'n in No. 74-012 and No. 75-029.
Hayden, Ross & Sweeney, William G. Ross, Denver, for defendant-appellee First Federal Sav. and Loan Ass'n in No. 75-029.
Holland & Hart, Robert E. Benson, David G. Palmer, Denver, for defendants-appellees Central Mortg. & Inv. Co., Kassler & Co., Midland Mortg. Co., First American Mortg. Co., the D. C. Burns Realty and Trust Co., First of Denver Mortg. Co., and Mortgage Institute Co. in No. 75-029.
Law, Nagel & Clark, Robert L. Nagel, Denver, for defendant-appellee James B. Nutter and Co. in No. 74-012.
Holland & Hart, Robert E. Benson, David G. Palmer, Denver, for defendant-appellee James B. Nutter and Co. in No. 75-029.
Atler, Zall & Haligman, Jon M. Zall, Denver, for defendants-appellees Silver State Sav. and Loan Ass'n and Van Schaack & Co. in No. 75-029.
Davis, Graham & Stubbs, L. Richard Freese, Jr., Denver, for defendants-appellees Colorado Nat. Bank, Central Bank & Trust Co., Colorado Nat. Mortg. Co., Garrett-Bromfield Mortg. Co., and Mountain States Financial Corp. in No. 75-029.
Holme, Roberts & Owen, Donald C. McKinlay, Denver, for defendant-appellee Weyerhaeuser Mortg. Co. in No. 75-029.
Hughes & Dorsey, Kirk P. Brady, Denver, for defendant-appellee First Nat. Bank of Denver in No. 75-029.
Harry M. Williams, Denver, for defendant-appellee Capitol Federal Sav. and Loan Ass'n in No. 75-029.
Dawson, Nagel, Sherman & Howard, Craig A. Christensen, Denver, for defendant-appellee Colorado State Bank in No. 75-029.
RULAND, Judge.
These cases have been consolidated for the purposes of this appeal. The sole issue in each case is whether the trial court's ruling that the plaintiffs' claims could not be pursued as a class action was premature. We affirm the ruling in each case.[1]
*645 CASE NO. 74-012
In this case the plaintiffs, Mark L. and Ellen S. Levine, brought suit individually and on behalf of the members of a class to recover "assumption fees" paid for the assumption of loans made to third parties by the defendants, Empire Savings and Loan Association, James B. Nutter & Company, Midland Federal Savings and Loan Association, Mile High Savings and Loan Association, and Western Federal Savings and Loan Association.
In their complaint the plaintiffs copied from the provisions of C.R.C.P. 23(a) and (b) in an effort to meet the requirements for a class action. Plaintiffs then alleged that imposition of the assumption fees by the defendants was impermissible based upon ten separate legal theories.
The defendants challenged the complaint by various motions. Insofar as pertinent here, the motion of James B. Nutter & Company specifically raised the issue of whether the allegations of the complaint were sufficient to show that the case could be certified as a class action. Following presentation of briefs and oral argument, the trial court dismissed the class action allegations of the complaint.
Plaintiffs do not contend on this appeal that the allegations of the complaint contain sufficient factual material to establish whether this action must be certified as a class action pursuant to C.R.C.P. 23. See generally 3B J. Moore, Federal Practice ¶ 23.02-2 (2d ed.). Rather, plaintiffs contend that the trial court's ruling was premature, since defendants have not yet answered the complaint and no affidavits, information developed through discovery, or evidence has been presented to determine the issue of whether their claims should be certified as a class action. We find this contention unpersuasive.
C.R.C.P. 23(c)(1) provides that as soon as practicable after a class action is filed, the trial court must determine "if it is to be so maintained." An early determination is preferred so that, among other reasons, ample notice may be given to members of the class to appear in the action, seek exclusion from the class, or object to the representation by the plaintiffs, and so that, if certification is properly denied, applicable statutes of limitations will not have run. See M. Frankel, "Some Preliminary Observations Concerning Civil Rule 23," 43 F.R.D. 39; Polakoff v. Delaware Steeplechase & Race Ass'n, 264 F.Supp. 915 (D.Del. 1966). In aid of its timely determination, and where, as here, the complaint lacks sufficient factual material upon which to make a decision, the trial court may consider affidavits and exhibits, see Hatfield v. Williams, 64 F.R.D. 71 (N.D.Iowa 1974), authorize discovery, see Yaffe v. Powers, 454 F.2d 1362 (1st Cir. 1972), or hold an evidentiary hearing, see Huff v. N. D. Cass Co., 485 F.2d 710 (5th Cir. 1973). See generally, 7A C. Wright & A. Miller, Federal Practice and Procedure § 1798. (1972 ed.). While the trial court is vested with substantial discretion in determining whether a claim may be pursued as a class action, the burden is on the party seeking class action status (and not the trial court) to establish that the claim should be maintained as such, Borwick v. Bober, 34 Colo.App. 423, 529 P.2d 1351 (1974); Rossin v. Southern Union Gas Co., 472 F.2d 707 (10th Cir. 1973). And, absent a timely request to provide the court with further information in the form of affidavits, discovery, or evidence, see Huff, supra; Rossin, supra; Wolfson v. Solomon, 54 F.R.D. 584 (S.D.N.Y.1972), we hold that the trial court may determine this issue based upon allegations of the complaint alone. See Cook County College Teachers Union, Local 1600 v. Byrd, 456 F.2d 882 (7th Cir. 1972); Sedlarik v. General Motors Corp., 54 F.R.D. 230 (W.D.Mich.1971); cf. Gillibeau v. Richmond, 417 F.2d 426 (9th Cir. 1969).
Here, the action was commenced in June of 1972 and dismissed on motion by defendants in September of 1973. As indicated above, the plaintiffs presented no affidavits to the trial court, made no attempt to pursue discovery, or request an evidentiary hearing prior to the trial court's ruling, electing instead to present legal argument. Thus, compelled as it was to determine *646 the issue "as soon as practicable," the trial court's determination was not premature. See Rossin, supra. Further, given the policy considerations which require that the class action status of a case be determined at an early stage of the proceedings, coupled with the fact that a dismissal of the class action allegations does not bar the class members from pursuing their individual claims by proper intervention in this case, see American Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), we cannot say that the trial court abused its discretion in declining to allow discovery when that request was made for the first time in plaintiffs' motion for rehearing.
Finally, where, as here, the plaintiffs failed to request the right to amend their complaint either prior to the trial court's ruling on defendants' motion to dismiss or in the motion for rehearing filed thereafter, they are precluded from raising that issue on this appeal. Fladung v. Boulder, 165 Colo. 244, 438 P.2d 688 (1968). While the filing of a motion for new trial was not required in this case, see C.R.C.P. 59(h), plaintiffs are limited to the issues raised therein. Fladung, supra.

CASE NO. 75-029
In this case the plaintiffs, Ellen S. Levine, et al., brought suit individually and on behalf of the members of a class to recover interest on money paid into escrow accounts by the class members for payment of property taxes and insurance in conjunction with real estate loans made by the defendants.
In their amended complaint the plaintiffs copied the provisions of C.R.C.P. 23(a) and (b) in an effort to meet the requirements for a class action. The plaintiffs then alleged that imposition of escrow payments was impermissible based upon seven separate legal theories.
The original complaint was filed on September 26, 1972, and the amended complaint on August 27, 1973. The amendment consisted only of adding additional plaintiffs and defendants. By order dated August 22, 1973, a stipulation of the parties to defer discovery was approved, and time limits were established for filing motions and briefs relative to the "sufficiency of the complaint." Motions were thereafter filed against the amended complaint challenging the sufficiency of the factual allegations to demonstrate that the action was proper as a class action. In conjunction with legal briefs submitted relative to the motions, plaintiffs requested for the first time that a ruling as to class action status be deferred pending discovery.
Plaintiffs' sole contention in this appeal is that the trial court's ruling was premature. However, for the reasons stated in No. 74-012 we cannot say that the trial court abused its discretion in ruling based upon the amended complaint alone, when plaintiffs were allowed to amend the complaint, initially agreed to defer discovery pending a determination as to the sufficiency of the allegations of the complaint, and at no time submitted affidavits or requested an evidentiary hearing to demonstrate the factual material .ecessary to establish a class action status. Finally, for the reasons stated in Case No. 74-012, plaintiffs are precluded from asserting now that they must be allowed to again amend their complaint.
By reason of the foregoing, we do not address defendant Colorado State Bank's contention that the issues as between plaintiffs and it are now moot.
Judgment affirmed.
COYTE and ENOCH, JJ., concur.
NOTES
[1] In each case the order dismissing the class action allegations was made final pursuant to C.R.C.P. 54(b) in order that an appeal could be taken prior to resolution of the individual claims of the plaintiffs. This procedure was approved in Levine v. Empire Savings and Loan Ass'n, Colo., 536 P.2d 1134 (1975) and Levine v. Empire Savings and Loan Ass'n, Colo., 557 P.2d 386 (1976).