TCD NORTH, INC., (by substitution for Ann Q. Hair and Verna Rose Gagnon), Plaintiff-Appellant,

v.

The CITY COUNCIL OF the CITY OF GREENWOOD VILLAGE, Frederick Fisher, Jack Levine, Coleen Love, Paul McMath, Natli Molloy, James Talman, Richard Torpy, Dorothy Wilson, the Mayor of the City of Greenwood Village, County of Arapahoe, State of Colorado, a municipal corporation, Defendants-Appellees.

No. 84CA0490.

Colorado Court of Appeals, Div. II.

July 11, 1985.

Rehearing Denied Aug. 8, 1985.

Certiorari Denied (TCD) Feb. 24, 1986.

Robert Lee Kessler, Englewood, Susan E. Burch, Denver, for plaintiff-appellant.

Banta, Hoyt, Banta, Greene, Hannen & Everall, J. Mark Hannen, Stephen G. Everall, Englewood, for defendants-appellees.

KELLY, Judge.

Plaintiff, TCD North, Inc., the successor in interest to Ann Q. Hair and Verna Gagnon, appeals the judgment in which the trial court held that the City of Greenwood Village had validly annexed certain property. Among other grounds for reversal, plaintiff argues that the City failed to give adequate notice of the public hearing for the proposed annexation, failed to present evidence at the hearing to support the finding of contiguity, and abused its discretion in invoking the emergency clause in the City Charter to expedite the effective date of the annexation ordinance. We affirm.

Unilateral annexation proceedings were commenced against certain property, including some then owned by Hair and Gagnon, by the adoption of a resolution of intent to annex by the City Council on September 8, 1980. As required by statute, notice of a public hearing concerning the annexation was published.

On October 20, 1980, the City Council held the public hearing. Evidence was presented by the Assistant City Attorney and by the City Engineer. In addition, Mr. Kessler, attorney for Hair and Gagnon, voiced objections to the annexation. After the hearing was concluded, Ordinance 38, annexing the subject property to the City, was adopted. The next evening, October 21, 1980, the Ordinance was read a second time and passed. It was published on October 23, 1980, and became effective on October 30, 1980, pursuant to the City Charter allowing emergency ordinances to become effective in seven days rather than the ordinary thirty days.

## I.

Plaintiff first argues that the resolution of intent to annex, published in a newspaper, did not provide adequate notice of the property to be annexed because it contained two property descriptions. We disagree.

Judicial review of an annexation is a special statutory proceeding and is limited to a determination whether the City Council exceeded its jurisdiction or abused its discretion. On review, great latitude must be accorded the legislative discretion, and every reasonable presumption in favor of the validity of the action of the City must be indulged. *Board of County Commissioners v. Denver*, 37 Colo.App. 395, 548 P.2d 922 (1976).

A description must be in substantial compliance with the requirements of the statute. *Slack v. City of Colorado Springs*, 655 P.2d 376 (Colo.1982). An immaterial variation from such requirements is not fatal and does not render an annexation void. *Adams v. City of Colorado Springs*, 178 Colo. 241, 496 P.2d 1005

(1972). An annexation is not invalid if the petition for annexation contains two legal descriptions, one of which describes a street to be annexed while the other does not. Such a technical conflict in the descriptions cannot serve as a basis for setting aside the annexation. *Board of County Commissioners v. Denver*, 40 Colo.App. 281, 573 P.2d 568 (1978).

■ Here, the resolution as published contained the legal description of the lands to be annexed and a second legal description of the lands to be annexed except for the streets and rights-of-way included in the annexation. At the City Council meeting, the City Attorney indicated that the reason for publishing the latter description was to demonstrate that the necessary two-thirds contiguity existed whether or not the streets and rights-of-way to be annexed were included in the computation of contiguity. Both legal descriptions included the land then owned by Hair and Gagnon. In addition, Hair and Gagnon were both represented at the hearing. Moreover, the land which was annexed was properly designated by the legal description on the annexation map at the public hearing, by one of the legal descriptions in the resolution of intent to annex, and by the legal description in the annexation ordinance. Under these circumstances, notice of the property to be annexed was sufficient.

## II.

Plaintiff next asserts that the required two-thirds contiguity did not exist between property owned by the City and the property to be annexed. We disagree.

Pursuant to § 31–12–106, C.R.S. (1977 Repl.Vol. 12), the City was required to show that the unincorporated areas which would be annexed had more than two-thirds boundary contiguity with the City for a period of not less than three years. Plaintiff now argues that the requisite contiguity was not present because of a previous annexation accomplished in Ordinance 18 in 1975. Specifically, it argues that the City boundary extended only to the west right-of-way of South Yosemite Street, rather than the centerline of South Yosemite and therefore prevented the contiguity.

■ Here, there was sufficient uncontroverted evidence presented at the City Council hearing by the City Engineer that the requisite two-thirds contiguity was present. Plaintiff failed to go forward at that hearing with evidence to show that the contiguity requirement had not been met. In an annexation proceeding, findings of ultimate fact by a city council are sufficient when based on evidence not specifically controverted by other evidence in the record. *Adams v. City of Colorado Springs, supra; Pomponio v. City of Westminister*, 178 Colo. 80, 496 P.2d 999 (1972). Thus, since the City Council's findings here were premised on the uncontradicted evidence presented at the hearing, they are sufficient to support the annexation on review.

## III.

Finally, plaintiff argues that the annexation ordinance improperly included an emergency provision expediting the effective date of the ordinance. Again, we disagree.

Pursuant to Greenwood Village City Charter § 4.4, ordinances ordinarily become effective thirty days after publication following final passage. However, Greenwood Village City Charter § 4.5 provides that emergency ordinances shall take effect seven days after publication following final passage. Here, the annexation ordinance was adopted as an emergency ordinance after the council found, as required, that it was necessary for the immediate preservation of the public property, health, peace, and safety. The City found that the emergency measure was necessary in order to permit the expeditious application of the City's planning and zoning regulations, to begin the budgeting process for services to be furnished the property, and finally to permit the orderly and logical adjustment of the corporate boundaries of the City.

A presumption of validity and regularity supports the official acts of public officials, and in the absence of clear evidence to the contrary, a court must presume that public officials have properly discharged their official duties. *City of Colorado Springs v. District Court*, 184 Colo. 177, 519 P.2d 325 (1974). Whether an ordinance is necessary for the immediate preservation of the public peace, health, or safety is a legislative and not a judicial question. *Fladung v. City of Boulder*, 160 Colo. 271, 417 P.2d 787 (1966). A legislative declaration of purpose for enacting emergency legislation will not be reviewed on appeal unless there is a showing of bad faith or fraud. *Slack v. City of Colorado Springs, supra.* A legislative determination that such an emergency exists and a recitation to that effect in the ordinance is conclusive. *Enger v. Walker Field*, 181 Colo. 253, 508 P.2d 1245 (1973).

Here, the City Council made a legislative determination that the annexation ordinance should be adopted as an emergency ordinance, and set forth the reasons therefor both at the public hearing and in the Ordinance. There being no showing of bad faith or fraud, that determination is conclusive.

Certain of plaintiff's remaining arguments will not be discussed because they were neither raised nor argued at the hearing and because the arguments depend upon information not in the record before us. *Adams v. City of Colorado Springs, supra; Pomponio v. City of Westminster, supra.* The rest of plaintiff's contentions of error are without merit.

Judgment affirmed.

TURSI and METZGER, JJ., concur.