CITY OF WESTMINSTER, Colorado, a Colorado home-rule city, Petitioner,

v.

BRANNAN SAND & GRAVEL CO., INC., Respondent.

No. 96SC440.

Supreme Court of Colorado, En Banc.

June 30, 1997.

Judgment of Court of Appeals reversed with directions.

City of Westminster, Martin R. McCullough, City Attorney, Westminster, for Petitioner.

Rick DeWitt & Associates, Rick DeWitt, Englewood, for Respondent.

Colorado Municipal League, David W. Broadwell, Denver, for Amicus Curiae Colorado Municipal League.

Chief Justice VOLLACK delivered the Opinion of the Court.

We granted certiorari to review the court of appeals decision in *Brannan Sand & Gravel Co. v. Federal Deposit Insurance Corp.*, 928 P.2d 1337 (Colo.App.1996), to determine whether the court of appeals erred in reversing the district court's order granting a motion for summary judgment filed by the City of Westminster (Westminster) against Brannan Sand & Gravel Company (Brannan).[1] The court of appeals held that

---

1. We granted certiorari on the following issue:
   Did the court of appeals err in interpreting the Colorado General Mechanic's Lien Law in a way that permits a mechanic's lien to be filed against previously dedicated public streets on the theory that such liens "relate back" to a time before the streets were dedicated for public use and ownership?

there were genuine issues of material fact concerning whether the priority date of a mechanic's lien filed by Brannan against property owned by Westminster preceded the dedication and acceptance of the public property. The court of appeals further held that if the priority date of Brannan's mechanic's lien preceded the dedication and acceptance of the public property, the public property could be lost through foreclosure. We reverse.

## I.

Designer Properties (Designer) sought to develop vacant property in Westminster, Colorado, as part of the Walnut Grove subdivision. Between November 9, 1980, and November 21, 1986, Designer submitted four subdivision plats for Westminster's approval.[2] As a condition for Westminster's approval of the plats, Designer agreed to dedicate land for the construction of streets and sidewalks as well as perpetual easements for the installation, operation, and maintenance of various public utilities. The last of these subdivision plats and dedications was accepted by Westminster and recorded with the Jefferson County Clerk and Recorder on December 10, 1986.

Westminster also conditioned its plat approval upon Designer's construction of certain subdivision improvements. Between February 11, 1980, and December 1, 1986, Designer and Westminster entered into three separate subdivision improvement agreements for the filings in the Walnut Grove subdivision. Under the terms of the subdivision improvement agreements, Designer was to pave roads, erect street lighting and traffic control devices, construct concrete curbs, gutters and water and sewer lines, and provide landscaping all at Designer's expense and subject to Westminster's approval. Designer contracted with Brannan to do the paving work under the subdivision improvement agreements. Upon completion of the work, Brannan billed Designer $208,043.33, which Designer did not pay. Designer subsequently declared bankruptcy.

On July 28, 1988, Brannan filed a mechanic's lien upon the subdivision filings naming both Designer and Westminster as owners of the property. Brannan subsequently filed suit on August 29, 1988, designating Westminster as a defendant. In response to Brannan's complaint, Westminster filed a C.R.C.P. 12(b)(5) motion to dismiss, claiming *inter alia* that a mechanic's lien cannot be filed against public property. After ruling that Westminster's motion should be treated as a motion for summary judgment pursuant to C.R.C.P. 56, the district court granted Westminster's motion for summary judgment, finding that Brannan's mechanic's lien could not attach to public property.

The court of appeals reversed, holding that there were genuine issues of material fact concerning whether the priority date of Brannan's mechanic's lien preceded the dedication and acceptance of the public improvements. The court of appeals explained its decision as follows:

> Plaintiff asserts that it is entitled to a priority date preceding the dedication by developer and acceptance by the City. The City, however, argues on appeal that it takes free of any prior encumbrances upon dedication to a public use by developer and acceptance by the City. However, we are unaware of any authority for that assertion.
>
> The trial court did not address the issue of whether plaintiff had perfected a valid mechanic's lien or its priority. In our view, these circumstances require the cause to be remanded.

*Brannan,* 928 P.2d at 1343. The court of appeals further held that if the priority date of Brannan's mechanic's lien was effective before the improvements were dedicated and accepted by Westminster, the public improvements could be lost through foreclosure.

## II.

■ Westminster contends that the court of appeals erred when it reversed the district court's order granting its motion for summary judgment. Specifically, Westminster

2. These filings consisted of Walnut Grove Subdivision Filings 5, 6, 7, and 9.

argues that section 38–22–106(1), 16A C.R.S. (1982), which provides that mechanics' liens "relate back" to the time when the lienholder commenced work, should not be construed to allow lienholders to assert that their liens were in effect prior to the dedication and acceptance of public improvements. We agree.

The primary purpose of a mechanic's lien is to benefit and protect those who supply labor, materials, or services in order to enhance the value or condition of another's property. *See Thirteenth St. Corp. v. A–1 Plumbing & Heating Co.*, 640 P.2d 1130, 1134 (Colo.1982). The mechanics' lien statutes, sections 38–22–101 to –133, 16A C.R.S. (1982 & 1996 Supp.), provide that "under certain circumstances one who supplies materials or labor to be used to enhance the value of property shall have a lien upon the property to the extent of the goods and services provided." *Thirteenth St. Corp*, 640 P.2d at 1133. Section 38–22–106(1) of the mechanics' lien statutes provides that "[a]ll liens established by virtue of this article shall relate back to the time of the commencement of work under the contract between the owner and the first contractor." In considering the manner in which liens "relate back" to the commencement of work, we have explained that

> [t]he mechanics' lien statutes provide that an effective mechanic's lien relates back in time to the "commencement of work" upon the construction project at issue, thus gaining a preference over other liens and interests in land which may have been recorded prior to the actual filing of the mechanic's lien.

*Trustees of Mortgage Trust of America v. District Court*, 621 P.2d 310, 312 (Colo.1980).

Under Colorado common law, public property was not susceptible to foreclosure and, consequently, public property was not subject to mechanics' liens. *See Fladung v. City of Boulder*, 165 Colo. 244, 252, 438 P.2d 688, 692–93 (1968); *Fisher v. Pioneer Constr. Co.*,

62 Colo. 538, 544, 163 P. 851, 854 (1917); *Western Lumber & Pole Co. v. City of Golden*, 23 Colo.App. 461, 465–66, 130 P. 1027, 1028 (1913). In *Fladung*, this court explained:

> Excluding the lands owned by public utilities from the encumbrances of liens for the payment of assessments merely reflects the general law that a lien ordinarily does not attach to such properties nor can the property be sold on foreclosure.

*Fladung*, 165 Colo. at 252, 438 P.2d at 692–93. The rationale for the common law's exemption of public property from mechanics' liens is to preserve essential public services and functions while protecting those who benefit from public services and facilities. *See Comstock & Davis, Inc. v. City of Eden Prairie*, 557 N.W.2d 213, 214–15 (Minn.Ct. App.1997).

Because Brannan's cause of action concerns a mechanic's lien filed against property owned by a public entity, Brannan is requesting that we ignore the common law rule prohibiting the liening of public property. Although the court of appeals recognized the existence of the common law rule, it held that application of the "relate back" provision in section 38–22–106(1) created a genuine issue of material fact as to whether the priority date of Brannan's mechanic's lien preceded the dedication and acceptance of Westminster's property. This left open the question of whether a public entity takes property subject to already existing liens. *See Home Bldg. Corp. v. Ventura Corp.*, 568 S.W.2d 769, 777 (Mo.1978).[3]

■ Nothing in the mechanics' lien statutes indicates that the General Assembly sought to eliminate the common law rule which prohibits the filing of mechanics' liens against public property. To the contrary, the General Assembly has enacted separate statutes designed to protect contractors who supply labor and materials to public works projects. *See* §§ 38–26–101 to –107, 16A

---

**3.** In *Home Building Corp.*, the Missouri Supreme Court held that a municipal housing authority purchasing housing units from a builder took the units subject to already existing liens on the property. *See Home Bldg. Corp. v. Ventura Corp.*, 568 S.W.2d at 776. In coming to its decision,

the court in *Home Building Corp.* explained that a municipal entity should not "be entitled by purchase to destroy a mechanic's lien and deprive the holder thereof of the protection it was intended to afford. Public policy does not so require." *Id.*

C.R.S. (1982 & 1996 Supp.); *see also Flaugh v. Empire Clay Prods., Inc.,* 157 Colo. 409, 411, 402 P.2d 932, 933 (1965) (explaining that the statutory remedies designed to protect those who supply materials and labor to a public works project are "in lieu of the mechanic's lien statute"); *Western Lumber,* 23 Colo.App. at 465–66, 130 P. at 1028 (explaining that providing contractors with separate remedies apart from mechanics' liens indicates that general mechanics' lien laws do not apply in situations where a lien has been filed against public property). In light of this legislative scheme, we do not find legislative support for abrogating the common law rule prohibiting the liening of public property. *See A.C. Chock, Ltd. v. Kaneshiro,* 51 Haw. 87, 451 P.2d 809, 813 (1969).

■ Additionally, we note that the facts of this case are not so unfair as to warrant judicial departure from the common law rule. *See Normandy Estates Metro. Recreation Dist. v. Normandy Estates Ltd.,* 191 Colo. 292, 553 P.2d 386 (1976) (ignoring the general rule that ultra vires public contracts were unenforceable on equitable grounds). While we recognize that Brannan has suffered a great loss in not being paid for its work and materials, Westminster had no proprietary interest in the venture and participated only to oversee the construction and dedication of critical infrastructure improvements that would serve public needs. *Cf. American Seating Co. v. City of Philadelphia,* 434 Pa. 370, 256 A.2d 599, 601–02 (1969) (holding that common law rule prohibiting liens against public property does not apply where the municipality has a purely proprietary interest in the property). It would therefore be unfair to impose the cost of Brannan's construction upon Westminster because Westminster never had a financial stake in the development of the subdivision or any obligation to pay for the subdivision improvements. For this reason, we refuse to depart from the common law rule prohibiting the liening of public property and hold that Brannan's lien on Westminster's property is invalid.

Our holding that a mechanic's lien cannot be filed against public property prevents Brannan from availing itself of the "relate back" provision of section 38–22–106(1) in order to obtain a priority date preceding dedication and acceptance of Westminster's property. Additionally, we need not consider the issue of whether a municipality takes property subject to already existing liens because Brannan filed its mechanic's lien more than nineteen months after the final subdivision plat was dedicated and accepted for public use. *See Home Bldg. Corp.,* 568 S.W.2d at 777. Once Brannan's lien against Westminster is deemed invalid and incapable of securing an earlier priority date, there is no set of facts upon which Brannan's claim against Westminster can prevail. For this reason, Brannan's cause of action against Westminster is properly disposed of through entry of summary judgment. *See Civil Service Comm'n v. Pinder,* 812 P.2d 645, 649 (Colo.1991) (explaining that under C.R.C.P. 56(c), summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law).

### III.

We hold that the common law rule that a mechanic's lien cannot be filed against public property prohibits a contractor from attaching a lien to previously dedicated subdivision property intended for public use. Consequently, the mechanics' lien statutes are inapplicable to such a lien, thereby preventing any operation of the "relate back" provision of section 38–22–106(1) to establish a priority date prior to the dedication and acceptance of the subdivision property. For this reason, the district court properly granted Westminster's motion for summary judgment. Accordingly, we reverse the court of appeals with directions to reinstate the district court's order.