**E. O. WILLIAMS, Appellant,**

v.

**CITY OF BORGER, Appellee.**

No. 7030.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 7, 1960.

Rehearing Denied Dec. 5, 1960.

John R. Miller, Borger, for appellant.

Jack Hood, Borger, for appellee.

DENTON, Chief Justice.

This suit was brought by appellant, E. O. Williams, a resident and property owner of the City of Borger, against the said city together with its mayor and city commissioners, seeking to declare a city ordinance and the resulting city election illegal, void and of no force and effect. The city commission passed the ordinance in question by a unanimous vote. The ordinance called for an election to approve or disapprove the issuance of general bonds of the city in the amount of $1,350,000.00 for the purpose of building and extending the water system of that city. The election, held on March 29, 1960, resulted in the qualified voters approving the issuance of such bonds by casting 1241 votes for the proposition and 607 votes against the proposal. After a hearing before the court, the appellee's motion for summary judgment was granted, and the appellant duly perfected this appeal.

Appellant first contends the ordinance calling the election in question was void in that it did not comply with the provisions of the city charter relative to the passage of emergency measures. It is undisputed that the ordinance under attack here was passed as an emergency measure under Section 57 of the city charter. Section 57 reads as follows:

"Section 57. All ordinances and resolutions shall be in effect from and after ten (10) days from the date of their passage by the Commission except as otherwise provided in this

Charter. The Commission may, by an affirmative vote of all members, pass emergency measures to take effect at the time indicated therein. An emergency measure shall consist only of ordinances or resolutions for the immediate preservation of the public peace, property, health, or safety, or providing for the usual daily operation of a municipal department, in which the emergency set forth and defined in a preamble thereto. Ordinances appropriating money may be passed as emergency measures, but no measure making a grant, renewal, or extension of a franchise or other special privilege, or regulating the rate to be charged for its services by any public utility, shall ever be passed as an emergency measure."

In accordance with the stipulations entered into by the parties hereto, it is undisputed that the mechanics of passing the ordinance and the election held thereunder were in compliance with the charter.

The preamble of the ordinance includes a declaration of an emergency. Following the preamble we find the following language in the body of the ordinance itself:

"WHEREAS, the City Commission considers that it is to the best interest of the City and its inhabitants that at the earliest possible date the City provide funds for such purpose, thereby creating an emergency measure for the immediate preservation of the public peace, property, health and safety, for the usual daily operation of a municipal department; therefore * * *."

■ The City of Borger is a home rule city acting under the laws and Constitution of the State of Texas. According to the 1950 Federal census, it was a city with a population in excess of 18,000 persons. The counsel or commission of a city acts in its official capacity through the passing of ordinances or resolutions in such a manner permitted by its creative authority. The enactments of ordinances is an exercise of its legislative power. Atlas Metal Works v. City of Dallas, Tex.Civ.App., 30 S.W.2d 431; Simms v. City of Mt. Pleasant, Tex.Civ.App., 12 S.W.2d 833. Being a legislative act, the courts have no general power or authority to nullify such legislative acts and can inquire into their validity only to determine if the power to act in such a manner does exist. Section 57 of the charter clearly gives the city the power to enact emergency measures within prescribed limits.

■ It is appellant's contention that the state of emergency was not properly revealed or sufficiently specified within the ordinance itself. The ordinance asserts that an emergency exists. This is conclusive and is not subject to review by the courts. Bradshaw v. Marmion, Tex.Civ. App., 188 S.W. 973; 30-A Tex.Jur., page 278. We are of the opinion the same reasoning is to be applied to enactment of emergency measures of a home rule city by its legally constituted commission as that of the Legislature enacting emergency measures. The Supreme Court, in Day Land & Cattle Co. v. State of Texas, 68 Tex. 526, 4 S.W. 865, 873, stated the rule:

"If the legislature states facts or reasons which in its judgment authorize the suspension of the rule and the immediate passage of a bill, the courts certainly have no power to re-examine that question, and to declare that the legislature came to an erroneous conclusion.

"The legislature ascertains in its own way the facts on which it bases its action, and it is made the sole judge whether facts exist to authorize the immediate passage of a bill; and whatever facts or reasons it may give for such action must be held sufficient."

We therefore conclude that the ordinance complained of complies with the provisions of the city charter pertaining to the passage of emergency measures, and was

therefore valid and sufficient to form a legal basis for the election which it called for.

Appellant next contends the ordinance and subsequent election are invalid for the reason the bonds authorized by the ordinance were general bonds as distinguished from revenue bonds and as such were not authorized by the city charter. It is appellant's contention that under the city charter the city had only the authority to acquire a water system by the issuance of revenue bonds, that is, bonds which are not a debt of the city but a charge upon the property itself or income therefrom.

■ Article 823, Vernon's Ann.Civ.St. authorizes a city or town to issue coupon bonds payable from the proceeds of tax revenue for the purpose of construction or purchase of public buildings, water works, sewers, and other permanent improvements. Texsan Service Co. v. City of Nixon, Tex.Civ.App., 158 S.W.2d 88. With such authorization clearly granted by our Statutes and cases interpreting the same, we need only to determine if such authority is denied the City of Borger by the language of its charter.

Section 91 of the appellee's city charter provides:

"Section 91. Should the City determine to acquire any public utility by purchase, condemnation or otherwise, as herein provided, said City shall have the power to obtain funds for the purpose of acquiring said public utility and paying the compensation therefor, by issuing bonds or notes, or other evidence of indebtedness and may secure the same by fixing a lien upon the property constituting the public utility so acquired, and said security shall apply alone to said property as acquired."

After examining the applicable statutory provisions and the language of Section 91 of the city charter, we are of the opinion the City of Borger is empowered to acquire the public water system by means of funds obtained from the sale of general obligation bonds. The language of the charter does not limit the method of financing to revenue bonds only. The word "may" is universally used in a permissive sense rather than in a mandatory sense. Certainly the city commission could in its discretion authorize the issuance of revenue bonds thereby fixing a lien on the property affected, but we hold its authority was not so limited by its charter and the Statutes. We therefore overrule appellant's second point of error.

Finding no reversible error, the judgment of the trial court is affirmed.