## No. 19,128.

### WESTERN HEIGHTS LAND CORPORATION *v.*
### CITY OF FORT COLLINS.
(362 P. [2d] 155)

Decided May 15, 1961.   Rehearing denied June 12, 1961.

Mr. ALDEN T. HILL, Mr. RALPH H. COYTE, for plaintiff in error.

Messrs. MARCH & WELLS, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFF in error, to whom we will refer as plaintiff, filed its complaint in the trial court against defendant in error, herein referred to as the city, demanding a money judgment, an injunction and a declaratory judgment, in connection with the operation by the city of its water and sewer systems under the city's ordinances.

Specifically, plaintiff complained in the trial court that the city, being home-ruled, illegally charged it with "water and sewer tax" in connection with lots of land owned by it in Western Heights subdivision in Fort Collins, and will continue to make unlawful charges to owners of lots in said subdivision, unless enjoined by the court.

It was alleged by plaintiff that the city under its ordinance No. 18 (series of 1957), amending ordinance No. 21 (series of 1956), attempted to levy an "assessment" of one cent for each square foot of lot area for which service is required for connecting with the sanitary sewer of the city, besides a "tap" fee and the cost of labor and material in making the tap connection.

Plaintiff further alleged that the city by ordinance No. 43 (series of 1957), amending ordinance No. 24

(series of 1954), purported to impose an "assessment" of one and one-quarter cent per square foot of the lot area for which city water service is required in connecting with the water mains of the city in addition to a tap fee and attendant expenses.

It was further alleged that all such charges and "assessments" are unlawful for the following reasons, viz: (1) the assessments are discriminatory and therefore void; (2) the assessments are not special assessments, but if so, they are void; (3) the assessments are a tax, are not uniform, and are in violation of Section 3, Article X of the Colorado Constitution; (4) the ordinances are contrary to state law relating to financing and construction of sewer and water mains and are, therefore, invalid; (5) the ordinances were passed illegally; and (6) that certain charges made against plaintiff were in violation of a contract between it and the city.

The city filed a motion to dismiss the complaint. This motion was sustained and a judgment of dismissal entered. An order dispensing with the necessity of filing a motion for new trial followed and plaintiff, claiming prejudicial error, is here urging reversal of the judgment.

We will consider the points of alleged error in the same order as enumerated above.

■ (1) It is claimed that the two ordinances in controversy are discriminatory. This contention is not valid inasmuch as the charges made for the service involved are uniform in that they are determined upon the same basis for all new users of the city's facilities. All persons within the category are treated alike. We have held that charges of this or a similar nature made on a footage or area basis are lawful and that the mode adopted for making such charges is within the legislative authority of the municipality. *City of Pueblo v. Robinson,* 12 Colo. 593, 21 Pac. 899; *City of Denver v. Knowles,* 17 Colo. 204, 30 Pac. 1041; and *Hildreth v. City of Longmont,* 47 Colo. 79, 105 Pac. 107. As pointed out in *Denver v. Knowles,*

supra, "absolute equality * * * cannot be expected. * * * And where substantial equality has been provided for, the courts will not interfere." It is common knowledge, which we judicially notice, that costs of labor and materials have progressively risen throughout the land in recent years and this is true of the cost of municipal services. Rates charged for such services fluctuate with changing conditions, and it is not required by law that they shall remain stationary. We find no discrimination under the ordinances in question where there is uniformity .in rates for new users connecting with the city's sewer and water trunk lines.

■ (2) Plaintiff urges that the charges for service set by the ordinances are not special assessments, but that if they are so considered, they are void. It challenges the procedure for creating such "assessments" and points out that there is no benefit to the property; hence, the "assessments" are void because they take private property without due process of law.

On this phase of the case, it would seem that plaintiff's own argument answers the question, the argument being that the charges for service are not special assessments. Notice of an assessment is essential to impose it; and it is made on the theory of enhancement in value of real estate, fixing a lien upon the property. The ordinances here do not purport to accomplish those results, nor do they do so.

(3) Counsel for plaintiff vigorously assert that the ordinances in controversy are in effect a tax and contravene section 3, Article X of the state constitution. It is said that the charges made by the city are in excess of actual cost and that the ordinances are devices to raise general revenue for the city.

The city's charter provides in part as follows:

"Section 6, Municipal Utility Rates and Finances. The council shall by ordinance from time to time fix, establish, maintain, and provide for the collection of such rates, fees, or charges for water and electricity, and for

water, sewer, and electric service furnished by the city as will produce revenues sufficient to pay the cost of operation and maintenance of said utilities in good repair and working order; to pay the principal of and interest on all bonds of the city payable from the revenue of said utilities; to provide and maintain an adequate fund for replacement of depreciated or obsolescent property; to provide a fund for the extension, improvement, enlargement, and betterment of said utilities; to pay the interest on the principal of any general obligation bonds issued by the city to extend or improve said utilities. The provisions hereof shall be subject at all times to the performance by the city of all covenants and agreements made by it in connection with the issuance, sale or delivery of any bonds of the city payable out of the revenues derived from the operation of its water, electric, and other utilities, whether such revenue bonds be heretofore or hereafter issued."

▮ Acting in a proprietary capacity, and as trustee for its inhabitants, the city has made service available to all who desire to receive it within the area in which the city has undertaken to furnish such service. In operating its water system in its proprietary capacity the city may establish rates or charges not *per se* excessive or unreasonable for service within the municipality, including the expense of connections to its water trunk lines, which in the judgment of its governing board will pay the cost of extending its service and yield a fair return upon the reasonable value of the property employed in the enterprise, plus replacement for facilities outmoded by depreciation and obsolescence.

Municipalities are authorized by statute to construct, operate and maintain a sewerage system; the city may prescribe reasonable rates for connections to and the use of the facility. C.R.S. '53, 139-52-2 (6). We see no difference in this authority and that of a home-rule city chartered under Article XX of the constitution.

▮ The rates adopted by the city with reference to

the facilities involved here cannot be considered as taxes even though imposed and collected by the city. The ordinances involved are not revenue measures. A revenue measure is one levying a tax to defray general municipal expenses. If its principal object is to defray the expense of operating a utility directed against those desiring to use the service, the incidental production of revenue does not make it a revenue measure. *Ard v. The People,* 66 Colo. 480, 182 Pac. 892; *Public Utilities Commission v. Manley, et al.,* 99 Colo. 153, 60 P. (2d) 913.

(4) It is next contended by plaintiff that the "assessments" made by the subject ordinances are in violation of the statutes of this state concerning the construction of water and sewer mains. We have already determined that the rates charged by the city are not assessments; and the physical systems having been heretofore constructed, placed in operation, and being owned by the city, the questions of the authority under which they were built or by what means their construction was financed are not germane to the issues here.

(5) Plaintiff alleges that the two ordinances in controversy were passed by the city council as emergency legislation and that they failed to specifically state the facts giving rise to the emergency in violation of the city's charter. Also that they were void because not published prior to passage for the period of time and in the manner required for ordinances not emergency in character under the charter.

It is conceded by counsel that with respect to the publication of ordinances for Fort Collins, section 7 of Article II of the charter of the city on file with the secretary of state provides:

"Every proposed ordinance, except an emergency ordinance, shall be published once in full at least ten days before its final passage in a newspaper of general circulation published in the City, which publication shall contain a notice giving the date when said proposed ordinance will be presented for final passage. Within five

days after said final passage, the ordinance as passed shall be published once as provided above, whereupon it shall take effect on the tenth day following its passage. An emergency ordinance shall take effect upon passage and be published as provided above within five days thereof.

It is further conceded by counsel that the ordinances before us contained emergency clauses, but that the facts constituting the emergency were not set forth therein. There is no dispute concerning their publication in the manner required for emergency legislation after their passage by the city council.

■ Whether an emergency calling for the passage of an ordinance by a municipality exists is a matter for determination by its duly constituted legislative body. Its resolution of the facts in such cases is binding upon the courts unless it is apparent from the ordinance itself that an emergency does not and could not exist.

Failure to state the facts of an emergency in an ordinance does not of itself render the ordinance void. In such event, the effective date, only, is postponed. *Shields v. City of Loveland,* 74 Colo. 27, 218 Pac. 913; and *Sanborn v. City of Boulder,* 74 Colo. 358, 221 Pac. 1077.

(6) Finally, plaintiff urges that a contract was made between it and the city with reference to the subject of this dispute which the city refuses to recognize.

■ It is alleged in the complaint that under said contract the sewer trunk line "assessment" for certain lots in Western Heights subdivision was paid; that the city demanded that plaintiff pay said water and sewer tax; that plaintiff has refused to pay the same and said amounts are unpaid. The complaint goes no further. The allegations with reference to a purported contract between the parties without more, does not state a claim upon which relief could be granted. Plaintiff did not request leave to file an amended complaint.

We conclude that the trial court's judgment of dis-

missal was clearly warranted and proper. Accordingly, the judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE DOYLE concur.