**ARTCARVED CLASS RINGS, INC., Appellant,**

v.

**CITY OF AUSTIN et al., Appellees.**

**No. 5043.**

Court of Civil Appeals of Texas, Eastland.

May 19, 1977.

Rehearing Denied June 16, 1977.

James A. Brady (Eskew, Brady, Womack & Muir) Austin, for appellant.

Don Wolf, Asst. City Atty., Austin, for appellees.

McCLOUD, Chief Justice.

The question presented is whether a declaration that an "emergency" exists in a city ordinance is binding on the courts and not subject to review.

Plaintiff, Artcarved Class Rings, Inc., sought to enjoin the City of Austin from enforcing Annexation Ordinance No. 75–1231–C as an emergency measure and requested the court to declare the ordinance void as an emergency measure because it did not properly relate to the immediate preservation of the public peace, health or safety. The court denied plaintiff's requests for relief and in its conclusions of law held that the declaration of an emergency contained in the ordinance was not subject to review by the courts. The court found, however, that if it had the power to review the adoption of the ordinance as an emergency measure, it would find that on the 31st day of December, 1975, and prior to the passage of Ordinance No. 75–1231–C, the City Council heard no evidence as to the nature or existence of an emergency, and that in fact no emergency of any kind relating to the immediate preservation of the public peace, health or safety existed on December 31, 1975.

Plaintiff, Artcarved Class Rings, Inc., has appealed. We affirm.

Plaintiff does not contend the ordinance is totally void, only that it is void as an "emergency measure." Plaintiff concedes the ordinance became effective 10 days after its passage, but argues it did not become effective "immediately upon its passage" as stated in the ordinance. See *Western Heights Land Corporation v. City of Fort Collins*, 146 Colo. 464, 362 P.2d 155 (1961).

On December 31, 1975, the City Council of the City of Austin passed Ordinance No. 75–1231–C, as an emergency measure, annexing to the City 51.77 acres of land owned by plaintiff. The ordinance provided in part:

"*SECTION 3*: WHEREAS, an emergency exists concerning the safe, orderly and healthful growth and development of the City in order to assure the immediate preservation of the public peace, health, safety and general welfare both of the public residing within the City and the public residing adjacent to the City and such emergency requires the suspension of the rule providing for the reading of an ordinance on three separate days, and requires that this Ordinance become effective immediately upon its passage; therefore, the rule requiring the reading

of an ordinance on three separate days is hereby suspended and this Ordinance shall become effective immediately upon its passage, as provided by the Charter of the City of Austin."

Article II, Section 11 of the Charter of the City of Austin provides in part:

". . . no ordinance shall become effective until the expiration of 10 days following the date of its final passage, except where an ordinance relating to the immediate preservation of the public peace, health or safety, is adopted as an emergency measure by the favorable votes of five or more of the councilmen and contains a *statement of the nature of the emergency.*" (emphasis added)

Plaintiff contends the declaration of an emergency contained in a city ordinance is not conclusive and the courts can review the matter to determine if in fact an emergency existed.

The various states are divided as to whether an emergency declaration in an ordinance is "conclusive" or "nonconclusive." The subject is fully discussed in 35 A.L.R.2d 586. The annotation reveals that *Geller v. Dallas R. Co.,* 245 S.W. 254 (Tex. Civ.App.–Dallas 1922) rev'd on other grounds, 114 Tex. 484, 271 S.W. 1106 (1925) applied the nonconclusive rule, while *Bradshaw v. Marmion,* 188 S.W. 973 (Tex.Civ. App.–El Paso 1916, no writ) applied the conclusive rule. We have found no case by our Supreme Court discussing the rule applicable to city ordinances, however, the conclusive rule was applied in *Williams v. City of Borger,* 340 S.W.2d 864 (Tex.Civ. App.–Amarillo 1960, writ ref. n. r. e.). There, the appellant contended an ordinance calling an election was void because it did not comply with the provisions of the city charter relative to the passage of an emergency measure. Chief Justice Denton, speaking for the Court, said:

"It is appellant's contention that the state of emergency was not properly revealed or sufficiently specified within the ordinance itself. The ordinance asserts that an emergency exists. This is conclusive and is not subject to review by the courts. *Bradshaw v. Marmion,* Tex.Civ. App., 188 S.W. 973; 30–A Tex.Jur., page 278. We are of the opinion the same reasoning is to be applied to enactment of emergency measures of a home rule city by its legally constituted commission as that of the Legislature enacting emergency measures. The Supreme Court, in *Day Land & Cattle Co. v. State of Texas,* 68 Tex. 526, 4 S.W. 865, 873, stated the rule:

'If the legislature states facts or reasons which in its judgment authorize the suspension of the rule and the immediate passage of a bill, the courts certainly have no power to re-examine that question, and to declare that the legislature came to an erroneous conclusion.

The legislature ascertains in its own way the facts on which it bases its action, and it is made the sole judge whether facts exist to authorize the immediate passage of a bill; and whatever facts or reasons it may give for such action must be held sufficient.'

We therefore conclude that the ordinance complained of complies with the provisions of the city charter pertaining to the passage of emergency measures, and was therefore valid and sufficient to form a legal basis for the election which it called for."

In both *Bradshaw,* supra, and *Williams,* supra, it was observed that our Supreme Court in *Day Land & Cattle Co. v. State of Texas,* 4 S.W. 865 (Tex.1887) adopted at an early date the conclusive rule as to legislative declarations of emergency. There is no reference to *Day Land & Cattle Co.,* supra, in *Geller,* supra, and the court in *Geller* cited with approval cases from other jurisdictions which followed the nonconclusive rule. We do not consider *Geller* controlling.

In *Kadderly v. City of Portland,* 44 Or. 118, 74 P. 710 (1903), the court justified the application of the conclusive rule as follows:

"But, it is argued, what remedy will the people have if the Legislature, either intentionally or through mistake, declares falsely or erroneously that a given law is

necessary for the purposes stated? The obvious answer is that the power has been vested in that body, and its decision can no more be questioned or reviewed than the decision of the highest court in a case over which it has jurisdiction. Nor should it be supposed that the Legislature will disregard its duty, or fail to observe the mandates of the Constitution. The courts have no more right to distrust the Legislature than it has to distrust the courts. The Constitution has wisely divided the government into three separate and distinct departments, and has provided that no person charged with official duties under one of these departments shall exercise any of the functions of another, except as in the Constitution expressly provided. Const. art. 3, § 1. It is true that power of any kind may be abused when in unworthy hands. That, however, would not be a sufficient reason for one co-ordinate branch of the government to assign for attempting to limit the power and authority of another department. If either of the departments, in the exercise of the powers vested in it, should exercise them erroneously or wrongfully, the remedy is with the people, and must be found, as said by Mr. Justice Strahan in *Biggs v. McBride,* supra, [17 Or. 640, 21 P. 878] in the ballot box."

■ We hold that Texas is aligned with those states holding that the determination of an emergency by either the state legislature or a municipal governing body is conclusive and not subject to review. See also: "conclusive"—*State v. City of Columbus,* 175 Ohio St. 337, 194 N.E.2d 859 (1963); *In re Supreme Court Referendum Petition,* 530 P.2d 120 (Okl.Sup.1974); *McCray v. City of Boulder,* 165 Colo. 383, 439 P.2d 350 (1968); *Biggs v. Maryland-National Capital Park and Planning Commission,* 269 Md. 352, 306 A.2d 220 (1973); contra, "nonconclusive"— *Town of Burnsville v. City of Bloomington,* 268 Minn. 84, 128 N.W.2d 97 (1964); *State ex rel. Tyler v. Davis,* 443 S.W.2d 625 (Mo. Sup.1969).

■ Plaintiff next argues that the ordinance on its face, without regard to any factual inquiry, does not contain "a statement of the nature of the emergency" as is required by Article II, Section 11 of the Austin City Charter. We disagree.

Plaintiff says the statement in the ordinance that the "safe, orderly and healthful growth and development of the City creates an emergency," failed to comply with the charter and shows on the face of the ordinance that no emergency in fact existed. Plaintiff has misinterpreted the language contained in the ordinance. The ordinance states that an emergency exists and the emergency concerns the "safe, orderly and healthful growth and development of the City."

In *Greenberg v. Lee,* 196 Or. 157, 248 P.2d 324, 35 A.L.R.2d 567 (1952), the court had before it the contention an ordinance failed to comply with the city charter which provided that the ordinance "specify with distinctness the facts and reasons constituting such emergency." In upholding the ordinance, the court said:

"'* * * If there is any doubt as to whether the facts do or do not state a case of immediate necessity, that doubt should be resolved in favor of the legislative declaration (*Naudzius v. Lahr,* 253 Mich. 216, 234 N.W. 581, 585, 74 A.L.R. 1189); or, as it has otherwise been stated, 'if fairminded and intelligent men might reasonably differ as to the sufficiency and truth of the fact assigned for placing the act in effect immediately upon its passage, the courts are concluded by the finding' (*Jumper v. McCollum,* 179 Ark. 837, 18 S.W.2d 359, 361, and cases referred to); or, if the legislature 'states facts constituting an emergency so that its action cannot be said to be arbitrary, courts cannot say that it has not performed its constitutional duty, even though they might disagree with the legislature as to the sufficiency of declared facts to constitute a sufficient reason for immediate action.' *Baker v. Hill,* 180 Ark. 387, 21 S.W.2d 867, 868.'"

The Austin City Charter provision is rather general and requires only a "statement

of the nature of the emergency." We hold the ordinance complied with the charter. For a discussion of ordinances that "just barely" complied, see *McCray v. City of Boulder*, 165 Colo. 383, 439 P.2d 350 (1968) and *Fladung v. City of Boulder*, 160 Colo. 271, 417 P.2d 787 (1966).

We have considered all of plaintiff's points of error and all are overruled.

Judgment of the trial court is affirmed.