**THRIFTY RENT–A–CAR SYSTEM, INC.,**
an Oklahoma corporation d/b/a
**Thrifty Car Rental, Plaintiff–Appellant,**

v.

**CITY AND COUNTY OF DENVER,**
a municipal corporation,
**Defendant–Appellee.**

No. 90CA2107.

Colorado Court of Appeals,
Div. III.

March 26, 1992.

As Modified on Denial of Rehearing
June 4, 1992.

Kelly/Haglund/Garnsey & Kahn, Edwin S. Kahn, Christine L. Murphy, Denver, for plaintiff-appellant.

Patricia L. Wells, City Atty., Helen Eckardt Raabe, Asst. City Atty., Denver, for defendant-appellee.

Opinion by Judge RULAND.

Plaintiff, Thrifty Rent–A–Car System, Inc., appeals the summary judgment entered in favor of defendant, City and County of Denver. We affirm in part, reverse in part, and remand for further proceedings.

Until March 1, 1990, Thrifty operated an off-airport car rental company near Denver's Stapleton International Airport. Thrifty did not maintain either a sales counter at the terminal or a reservation telephone at Stapleton. To service its customers there, Thrifty provided a free shuttle service to and from Stapleton.

Prior to July 1, 1989, Thrifty paid a specified permit fee imposed by the Department of Public Works for each courtesy van entering the airport's terminal. However, effective that date, the manager of the department developed and imposed new ground transportation regulations and fees on Thrifty. These regulations imposed both a transaction and a privilege fee. Under this fee structure, Thrifty was required

to pay a transaction fee of approximately $6 per rental to airport customers after $25,000 in gross revenues was received during that calendar month.

Thrifty filed an action for declaratory judgment and injunctive relief challenging the legality of both the privilege and transaction fees. Because Thrifty sold its rental car business effective March 1, 1990, the claims addressed in the summary judgment proceeding were limited to whether Thrifty was entitled to a refund.

## I

As pertinent here, Denver Revised Municipal Code § 5–16(e) provides:

The manager of public works shall have the power and authority ... to establish and set rates, fees and charges as shall be necessary to meet the needs for operating the Denver Municipal Airport system including without limitation the expenses for bonded indebtedness ... its operating expenses, and expenses for construction, reconstruction, replacement, repair and any similar activity for any facility within the system. The manager of public works shall be further empowered ... to *reasonably apportion* these expenses among the airlines, concessionaires, businesses and other users of the system based *upon their present or future projected use of the facilities.* (emphasis added)

First, Thrifty argues that the trial court erred in ruling, as a matter of law, that the transaction and access fees were a reasonable apportionment of airport expenses. Specifically, Thrifty maintains that there is a disputed issue of material fact regarding the apportionment of the fees and that, therefore, entry of summary judgment on this issue was improper. We agree.

■ Summary judgment is a drastic remedy and is never warranted unless there is a clear showing that no genuine issue as to any material fact exists. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988). Further, if the affidavits or the contents of discovery reflect that a material issue of fact remains for resolution, summary judgment should not be entered. *Civil Service Commission v. Pinder*, 812 P.2d 645 (Colo.1991). Finally, in determining whether a material issue of fact exists, we must resolve any doubt in favor of the non-moving party, and Thrifty must also receive the benefit of all favorable inferences which may be drawn from the undisputed facts. *Mancuso v. United Bank*, 818 P.2d 732 (Colo.1991).

■ In support of the trial court's ruling, the City relies upon evidence that Thrifty was paying similar or greater fees at other airports, that the City considered the overall benefit to Thrifty's business which results from its operations at the airport, and that there is ample legal support for the reasonableness of the fees under case law addressing those fees in the context of various constitutional challenges. In this regard, the City relies upon cases such as *Alamo Rent–A–Car v. Sarasota–Manatee Airport Authority*, 906 F.2d 516 (11th Cir.1990) (transaction fee did not violate Commerce Clause); *Airline Car Rental, Inc. v. Shreveport Airport Authority*, 667 F.Supp. 303 (W.D.La.1987) (transaction fee does not violate Equal Protection Clause). In our view, however, these cases are inapposite to the issues before us.

Here, the ordinance requires reasonable apportionment of the expenses of the airport among the airlines, concessionaires, businesses, and other users of Stapleton, not other airports. Hence, the fees paid by Thrifty elsewhere are not dispositive.

Similarly, the overall benefit to Thrifty's business is not controlling because that fact, standing alone, does not address the required apportionment. Accordingly, we conclude that evidence proffered by Thrifty to the effect that the charges are unrelated to airport expenses and that the expenses do not appear to be reasonably apportioned was sufficient to demonstrate a material issue of material fact for resolution at trial.

## II

Second, Thrifty contends that the trial court erred in ruling that the transaction fee was a permissible user's fee instead of

ruling that it was an illegal income tax. Thrifty specifically argues that the transaction fee imposed by Stapleton is valid only if it relates to the cost of services provided to Thrifty. According to Thrifty, the transaction fee imposed is related only to Stapleton's desire to raise revenue, and it is, therefore, an unconstitutional income tax. We view *Westrac, Inc. v. Walker Field,* 812 P.2d 714 (Colo.App.1991) as dispositive on this issue, and we therefore concur with the trial court's ruling.

■ As noted in *Westrac,* the distinction between a fee and a tax does not depend upon its label but rather on the nature and function of the charge. *See also Cherry Hills Farms, Inc. v. City of Cherry Hills Village,* 670 P.2d 779 (Colo.1983).

■ A fee is designed to defray the expense of operating and improving the facility upon which it is imposed, whereas a tax is used to defray general municipal expenses. *See Bloom v. City of Fort Collins,* 784 P.2d 304 (Colo.1989); *Western Heights Land Corp. v. City of Fort Collins,* 146 Colo. 464, 362 P.2d 155 (1961).

■ Here, there is uncontroverted record support for the trial court's ruling that the charges assessed by the Department constitute a permissible user's fee instead of an illegal income tax.

Specifically, representatives for the City verified that revenues generated from the transaction and trip fees are used to pay for the costs of operating the airport, paying capital debts, and constructing and expanding airport facilities. Further, the representatives stated that airport revenues are not paid into the City's general fund or used to pay general fund expenses. Rather, the airport makes deposits into the general fund only as direct reimbursements for airport expenditures.

Based on these circumstances, and consistent with the analysis in *Westrac,* we conclude that the charges assessed at Stapleton are not a tax. Finally, we are not persuaded by Thrifty's contention that we should decline to follow the rule in *Westrac.* Accordingly, the trial court's decision

to grant summary judgment on this issue was correct.

■ However, contrary to the City's contention, Thrifty was not obliged to dismiss its claim that the fee was a tax after the opinion in *Westrac* was announced. *See Fieger v. East National Bank,* 710 P.2d 1134 (Colo.App.1985) (one panel of the court declined to follow the decision of a different panel). Hence, we reject the City's argument that we should remand for an award of attorney fees on the basis that Thrifty's claim was frivolous. *See SaBell's Inc. v. City of Golden,* 832 P.2d 974 (Colo. App.1991).

### III

Alternatively, Thrifty contends that the transaction fee imposed by the manager is an excise tax rather than a special fee. Because an excise tax must be enacted by an ordinance to be valid, Thrifty maintains that the trial court's decision to uphold its validity was error. We find no merit in Thrifty's contention.

■ An excise tax is a tax imposed on a particular act, event, or occurrence. *Bloom v. City of Fort Collins, supra; see also Cherry Hills Farms, Inc. v. City of Cherry Hills Village, supra.* The object of an excise tax is to provide revenue for the general expenses of government. *Kirk v. Denver Publishing Co.,* 818 P.2d 262 (Colo.1991); *see also Bloom v. City of Fort Collins, supra.*

■ Here, however, as noted, the proceeds generated by Stapleton's fees are used to defray costs associated with use of the airport, and these funds are not paid into the general fund. Consequently, the fee is not used to provide revenue for general expenses of government, and therefore, it does not constitute an excise tax.

Thus, the trial court properly granted summary judgment on this issue. However, we again find no merit in the City's contention that Thrifty's pursuit of its claim on this issue was frivolous.

## IV

Last, Thrifty argues that the privilege and access fees are unconstitutional under Colo.Const. art. X, § 18. Again, we disagree.

Pursuant to Colo.Const. art. X, § 18:

[P]roceeds from the imposition of any license, registration fee, or other charge with respect to the operation of any motor vehicle upon any public highway in this state ... shall ... be used exclusively for the construction, maintenance, and supervision of the public highways of this state.

We conclude that this provision of the constitution is inapplicable to the facts here.

We find uncontroverted record support for the trial court's conclusion that the transaction fee imposed by the City and County of Denver is not used for "the operation of a motor vehicle." Specifically, we agree with the trial court that the transaction fee was charged to Thrifty for operating a business through the airport.

For instance, the fees are based on access to the airport. If Thrifty receives only a few customers from the airport, then the required fee is minimal. Alternatively, if Thrifty receives many customers from Stapleton, it is assessed a larger transaction fee. Under these circumstances, we conclude that the trial court properly ruled that the fees were not violative of Colo. Const. art. X, § 18.

The judgment is affirmed in all respects, except as to the conclusion of the trial court that no material issue exists concerning whether the transaction and access fees were a reasonable apportionment of airport expenses. The judgment is reversed in that respect, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

STERNBERG, C.J., and METZGER, J., concur.